UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID FRANKLIN WEST, ) | Case No. C07-617-RSL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER DISMISSING CERTAIN |
| WASHINGTON STATE DEPARTMENT ) | DEFENDANTS AND DIRECTING |
| OF CORRECTIONS, et al., ) | SERVICE BY FIRST CLASS MAIL |
| ) | ON REMAINING DEFENDANTS |
| Defendants. ) | |
| _____ ) | |

Plaintiff David Franklin West, a former state inmate, is proceeding *pro se* and *in forma pauperis* in his attempt to bring an amended 42 U.S.C. § 1983 civil rights claim against the Washington State Department of Corrections ("DOC"), employees Rick Rosales and Joel Eskes, and Washington Attorney General Rob McKenna. Dkt. No. 15. By order dated July 20, 2007, United States Magistrate Judge James P. Donohue declined to serve plaintiff's original complaint but granted leave to amend certain specified deficiencies. Dkt. No. 14. Plaintiff's proposed amended complaint alleges acts on the part of DOC employees including, but not limited to, using excessive force while detaining plaintiff for refusing to submit to urinalysis testing, which allegedly resulted in numbness and diminished use of plaintiff's left thumb and forefinger. Dkt. No. 15. After careful consideration of the amended complaint, supporting materials, governing law and the balance of the record, the Court ORDERS as follows:

ORDER DISMISSING CERTAIN DEFENDANTS AND
DIRECTING SERVICE ON REMAINING
DEFENDANTS
PAGE - 1

01       Rule 8(a) of the Federal Rules of Civil Procedure requires plaintiffs to submit a
02  complaint "which sets forth . . . a short and plain statement of the claim showing that the
03  pleader is entitled to relief." Fed. R. Civ. P. 8(a).  In order to state a claim for relief under §
04  1983, a plaintiff must assert that he suffered a violation of rights protected by the Constitution
05  or created by federal statute, and that the violation was proximately caused by a person acting
06  under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *WAX*
07  *Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc).  This requires the plaintiff
08  to allege facts showing how a specific individual violated a specific right, causing the harm
09  alleged in the plaintiff's complaint. *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355
10  (9th Cir. 1981).
11       (1)    <u>Dismissal of State Defendant</u>.   Plaintiff has failed to correct certain
12  deficiencies outlined in the July 20, 2007 Order. *See* Dkt. No. 14.  First, plaintiff seeks
13  money damages against the DOC and certain state officials acting in their official capacity.
14  Such a claim runs afoul of the Eleventh Amendment, which bars federal courts from
15  entertaining suits brought by private parties against a state or its instrumentalities absent
16  consent, waiver, or congressional abrogation. *See generally Tennessee v. Lane*, 541 U.S. 509,
17  517-19 (2004); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989)
18  (holding that Congress did not abrogate the states' sovereign immunity by enacting § 1983,
19  and that a state, state agencies, or state officials acting in their official capacities are not
20  "persons" amenable to suit under § 1983).  Here, the Eleventh Amendment presents an
21  insuperable bar to monetary relief.  Accordingly, plaintiff's allegations regarding the DOC
22  fail to state a claim for which relief may be granted and are DISMISSED pursuant to 28
23  U.S.C. § 1915(e)(2)(B)(ii).
24       (2)    <u>Dismissal of Defendants Rosales and McKenna</u>.   Plaintiff's allegations against
25  corrections officer Rick Rosales and Washington Attorney General Rob McKenna also fail to
26  state a claim upon which relief may be granted.   Plaintiff fails to allege a specific injury

ORDER DISMISSING CERTAIN DEFENDANTS AND
DIRECTING SERVICE ON REMAINING
DEFENDANTS
PAGE - 2

01 proximately caused by the actions of Rosales acting under color of state law.  Instead,
02 plaintiff vaguely insists that Rosales "signs off or gives the go ahead to continually violate
03 West'[s] [c]onstitutionally [p]rotected [r]ights."  Dkt. No. 15 at 22.  Similarly, plaintiff fails
04 to allege any action whatsoever by McKenna.  Plaintiff simply identifies McKenna as the
05 corrections officers' "Boss."  Dkt. No. 15 at 53.  These allegations are insufficient.  Plaintiff
06 has not alleged facts showing that these specific defendants have violated a specific
07 constitutional right.  Accordingly, claims against defendants Rosales and McKenna are
08 DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

09     (3)    <u>Dismissal of "Civil Conspiracy" Claim</u>.   Plaintiff has failed allege facts
10 amounting to civil conspiracy by the government for which relief may be granted under §
11 1983.  For such a claim to move forward, the complaint must allege that a private defendant
12 and government agents acted with the common understanding to deprive the plaintiff of his
13 constitutional rights.  *Adickes v. S.H. Kress & Co.*, 398 US 144, 158 (1970).  Plaintiff's
14 allegation of civil conspiracy is extremely vague.  *See Radcliffe v. Rainbow Constr. Co.*, 254
15 F.3d 772, 783-84 (9th Cir. 2001) (conclusory allegations are insufficient to state a claim of
16 civil conspiracy).  Plaintiff has merely concluded that Joel Eskes violated his constitutional
17 rights under orders from a superior officer.  Plaintiff has not alleged violation of specific
18 rights, or that a "meeting of the minds" occurred between Eskes and his superior officer.
19 Accordingly, this claim is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

20     (4)    <u>Dismissal of "Retaliation" Claim</u>.   Plaintiff's allegation of "retaliation" also
21 fails to state a claim upon which relief may be granted under § 1983.   "'A prisoner suing
22 prison officials under section 1983 for retaliation must allege that he was retaliated against *for*
23 *exercising his constitutional rights* and that the retaliatory action does not advance legitimate
24 penological goals, such as preserving institutional order and discipline.'"  *Bruce v. Ylst*, 351
25 F.3d 1283, 1288 (9th Cir. 2003) (emphasis added) (quoting *Barnett v. Centoni*, 31 F.3d 813,
26 815-16 (9th Cir. 1994) (per curiam)).  Such claims must be evaluated in light of the deference

01 accorded to prison officials, and the prisoner must submit evidence establishing a link
02 between the exercise of constitutional rights and the allegedly retaliatory action.  *See, e.g.*,
03 *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  Here, plaintiff articulates no specific
04 right, let alone a constitutional right, serving as the basis for the alleged retaliation.  Plaintiff
05 simply alleges that "Eskes and his DOC [c]o-conspirators have done . . . nothing short of
06 mak[ing] Mr. West'[s] life a total living [h]ell on [e]arth."  Plaintiff has not stated a
07 retaliation claim upon which relief may be granted and, for that reason, this claim is
08 DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

09       (5)     <u>Dismissal of "Defamation" Claim</u>.  Next, plaintiff's vague allegation of
10 "defamation" also fails to state a claim upon which relief may be granted.  Allegations of
11 defamation alone do not state a § 1983 claim.  *Paul v. Davis*, 424 U.S. 693, 701-10 (1976).
12 In order to state a valid claim for defamation under § 1983, the plaintiff must allege loss of a
13 constitutional right—i.e., a property or liberty interest recognized by state law—along with
14 the alleged loss of reputation.  *Cooper v. Dupnik*, 924 F.2d 1520, 1532 (9th Cir. 1991).
15 Plaintiff does not allege loss of a constitutional right and for that reason this claim is
16 DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

17       (6)     <u>Service by Clerk on Remaining Defendant</u>.   As to plaintiff's remaining claims
18 against defendant Joel Eskes regarding urinalysis and excessive force, it is hereby ORDERED
19 that the Clerk mail him the following by first class mail:  a copy of plaintiff's complaint and of
20 this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of
21 Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid,
22 addressed to the Clerk's office.

23       (7)     <u>Response Required</u>.   The above-named defendant shall have **thirty (30) days**
24 within which to return the enclosed Waiver of Service of Summons.  Any defendant who
25 timely returns the signed Waiver shall have **sixty (60) days** after the date designated on the
26 Notice of Lawsuit to file and serve an answer to the Complaint or a motion permitted under

ORDER DISMISSING CERTAIN DEFENDANTS AND
DIRECTING SERVICE ON REMAINING
DEFENDANTS
PAGE - 4

Rule 12 of the Federal Rules of Civil Procedure.

Any defendant who fails to timely return the signed Waiver will be personally served with a summons and Complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2). A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **thirty (30) days** after service.

(8)     Filing and Service by Parties, Generally.   All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original of any document for the Court's consideration. **A party filing a paper original does not need to file a chambers copy**. All filings, whether filed electronically or in traditional paper format, must indicate in the upper right hand corner the name of the Judge to whom the document is directed.

Additionally, any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter.

(9)     Motions.   Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to amended Local Rule CR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. **The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the court's motion calendar.**

Stipulated and agreed motions, motions to file overlength motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in Local Rule CR 37(a)(2)(B), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not

ORDER DISMISSING CERTAIN DEFENDANTS AND
DIRECTING SERVICE ON REMAINING
DEFENDANTS
PAGE - 5

appeared shall be noted for consideration the same day they are filed.  *See* Local Rule CR 7(d)(1).  All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion.  *See* Local Rule CR 7(d)(3).  All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion.  If a party files a paper original (i.e., a *pro se* and/or prisoner), that opposition must be received in the Clerk's office by 4:30 p.m. on the Monday preceding the date of consideration.  If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit.

Additionally, the party making the motion may file and serve, not later than 11:59 p.m. (if filing electronically) or 4:30 p.m. (if filing a paper original with the Clerk's office) on the judicial day immediately preceding the date designated for consideration of the motion, a response to the opposing party's briefs and affidavits.

(10)    <u>No Direct Communications with District Judge or Magistrate Judge</u>.    No direct communication is to take place with the United States District Judge or Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk.

(11)    The Clerk is directed to send a copy of this Order to the plaintiff and the Honorable Robert S. Lasnik.

DATED this 25th day of September, 2007.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER DISMISSING CERTAIN DEFENDANTS AND
DIRECTING SERVICE ON REMAINING
DEFENDANTS
PAGE - 6

Recommended for entry this
24th day of September, 2007.

s/ JAMES P. DONOHUE
United States Magistrate Judge

ORDER DISMISSING CERTAIN DEFENDANTS AND
DIRECTING SERVICE ON REMAINING
DEFENDANTS
PAGE - 7